OPINION
Defendant-appellant, Steve Cole, appeals the sentence imposed upon him by the Butler County Court of Common Pleas pursuant to Ohio's felony sentencing law, Am. Sub. S.B. No. 2 ("Senate Bill 2"). We affirm the sentence imposed by the trial court.
The relevant facts of the case are as follows: On January 19, 1998, appellant and a co-defendant assaulted an African-American Miami University student on a street in Oxford, Ohio. While uttering racial slurs, the two assailants severely beat the victim about the head with an ax-handle, kicking him as he lay in the street. The victim suffered serious injury.
On April 17, 1998, a grand jury indicted appellant on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1). On July 23, 1997, appellant appeared before the trial court and voluntarily entered a plea of guilty to felonious assault as charged. At that time, appellant also indicated his willingness to cooperate with the prosecution by testifying, if necessary, in a case against his co-defendant.
Appellant's sentencing hearing was held on September 24, 1998. Evidence presented at the hearing indicated that appellant had been on his own for the last six years, since the age of thirteen. Appellant expressed remorse for his conduct. Appellant admitted that at the time of the assault he was under the influence of alcohol and drugs. He also admitted that he had an alcohol and drug abuse problem for which, he advised the trial court, he was seeking treatment. The court then heard from appellant's mother, who confirmed that appellant had been on his own for several years and pleaded with the trial court to be lenient with her son. At the sentencing hearing, the trial court also heard from the prosecutor, who positively indicated that appellant had been cooperative in entering a voluntary guilty plea and in agreeing to testify against his co-defendant.
After hearing the testimony presented, considering the victim impact statements, and reviewing the presentence investigative report which revealed a lengthy juvenile record, the trial court sentenced appellant to six years in prison and a $15,000 fine. After pronouncing appellant's sentence, the trial court made the following remarks:
 let this be a wake-up call to all our educators and legislators that we need to start spending some money in the lower grades that you're either in school or you're in detention or you're incarcerated in Juvenile Court, not let out on the streets.
Appellant has appealed the sentence imposed by the trial court, citing a single assignment of error. Specifically, appellant contends that the remarks made by the trial court during sentencing evidence the trial judge's inability to remain fair and impartial during the sentencing hearing. Appellant further contends that the sentence imposed upon appellant is more reflective of the trial court's desire to send a "wake up call to society" rather than to fairly sentence appellant.
We begin by noting that pursuant to R.C. 2953.08(G)(1), an appellate court may not disturb a sentence imposed unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Dennison (Feb. 8, 1999), Butler App. No. CA98-05-081, unreported, at 4-5, citingState v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported, at 4. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender," and "to punish the offender." R.C. 2929.11(A).
Generally, a trial court does not err in sentencing when imposing a sentence that is authorized by statute. State v.Dennison (Feb. 8, 1999), Butler App. No. CA98-05-081, unreported, at 5, citing State v. Smith (Oct. 13, 1997), Butler App. No. CA93-03-068, unreported, at 3. Upon review, we find that the sentence imposed upon appellant by the trial court was indeed authorized by the applicable provisions of Senate Bill 2.
For a second-degree felony, the range of possible imprisonment pursuant to R.C. 2929.14(A)(2) is two to eight years. In the instant matter, even given the gravity and severity of the offense committed by appellant, the trial court did not sentence appellant to the maximum allowed by statute for the offense committed. Rather, taking notice of appellant's expressed remorse, voluntary guilty plea, and his cooperation with the prosecution, the trial court sentenced appellant to less than the maximum amount of time allowed by statute: six years. Accordingly, we find that appellant's sentence falls well within statutory mandates.
Furthermore, when determining the most effective way to accomplish the purposes of Senate Bill 2, the trial court must consider the factors listed in R.C. 2929.12(B) and (C) regarding the seriousness of the offender's conduct, and those factors listed in R.C. 2929.12(D) and (E) regarding the offender's propensity for recidivism. State v. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57, unreported, at 6. When the victim suffers harm, whether physical or psychological, the seriousness of the offense increases. Id. at 6, citing R.C. 2929.12(B)(2). With respect to recidivism, the court considers the offender's recidivism based upon the offender's criminal history, responsiveness to previous criminal sanctions, history of drug or alcohol abuse, and remorse for the offense. Id. at 7, citing R.C.2929.12(D) and (E).
After examining the record in the instant matter, we find that the trial court considered the relevant statutory factors, made the required findings, cited evidence to support its findings, and properly applied the statutory factors. With respect to the seriousness factors, the trial court found that the offense was serious. Specifically, the trial court noted that "the injuries are devastating. If you take the ethnic and racial slurs completely out of this case, * * * the damage that was done by an assault of this type it could have killed this boy, it could have absolutely killed him, it's abhorable [sic]." The trial court also noted that a weapon was used in the attack. With respect to the recidivism factors, the trial court found that appellant was indeed prone to recidivism. Specifically, the trial court noted that appellant had a "lengthy juvenile record" and "continued to offend while * * * on probation over and over again." Such findings clearly indicate that the trial court properly considered the factors listed in R.C. 2929.12(B) and R.C.2929.12(D).
Appellant's argument centers around his belief that the trial court's comments about the sentence being imposed serving as a "wake up call" to society were unfair. Upon review of such comments, however, this court finds that these comments did not result in any prejudice to appellant. Our conclusion is bolstered by the fact appellant received less than the maximum sentence that could have been imposed upon him. Such comments were nothing more than obiter dictum; that is to say, none of the comments were necessary or relied upon by the trial court in making its sentencing determination.
Accordingly, because the trial court properly considered the relevant statutory factors and mitigating circumstances in imposing a six-year sentence upon appellant, we find no error in sentencing. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.